UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-cr-00005-TWP-VTW |
| | ) | |
| DEIRDRE R. MARTIN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER SUSTAINING IN PART DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Deirdre Martin's Objections to Magistrate Judge's Report and Recommendation. (Filing No. 81). Neither party requested a hearing on the objections. The Court has reviewed a transcript of the May 8, 2025 revocation hearing, Martin's Objections to the Magistrate Judge's Report and Recommendation, and the Government's response, as well as the record of this case. For the reasons stated below, the Court **overrules in part and sustains in part** Martin's Objections, and **adopts, with modification**, the Magistrate Judge's Report and Recommendation (Filing No. 80).

## I.   LEGAL STANDARD

A district court may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the district judge proposed findings of fact and recommendations for such modifications, revocation, or termination by the judge, including in the case of revocation, a recommended disposition under 18 U.S.C. § 3583(e). *See* 18 U.S.C. § 3401(i). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations. The district court need not accept any portion of the magistrate

1

judge's report and recommendation as binding. Fed. R. Crim. Pro. 59. After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. *Id.* The district court is then required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. *Id.*

## II.     BACKGROUND

On April 29, 2013 Martin was sentenced by this Court on charges of Bank Fraud, two counts of Aggravated Identity Theft, and two counts of Access Device Fraud (Filing No. 40). Martin was sentenced to seventy-five months imprisonment, sixty months of supervised release, and ordered to pay restitution totaling $199,494.48. *Id.* Martin began her five-year term of supervised release in October 2020. On March 30, 2025, Martin was arrested for and charged with Theft as a Level 6 Felony in Floyd County, Indiana (Filing No. 69-2 at 1). It was alleged that Martin stole her mother's U.S. Bank credit card and used it without her consent to purchase Apple iTunes gift cards. *Id.* She reportedly returned the credit card and the gift cards to the Floyd County Sheriff's deputy investigating the theft. *Id.* Martin was taken into custody and released on her own recognizance on April 1, 2025. *Id.* She did not report her arrest to her probation officer.

On April 9, 2025, the United States Probation Office ("Probation") filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Filing No. 69). The Petition alleged that Martin had violated the terms of her supervised release. The terms allegedly violated were (1) "[t]he defendant shall not commit another federal, state, or local crime," (2) "[y]ou shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer," (3) "[y]ou shall report to the probation office in a manner and frequency directed by the court or probation officer," (4) "[i]f this judgment imposes a fine or restitution, it

is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment," (5) "[y]ou shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment," (6) "[y]ou shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer," and (7) "[y]ou shall not use or possess any controlled substance prohibited by applicable state or federal law." (Filing No. 69 at 2).

A final revocation hearing was held before the Magistrate Judge on May 8, 2025. Martin appeared in person and was represented by appointed counsel, James Earhart. The Government appeared by Todd Shellenbarger, Assistant United States Attorney. Probation appeared by Probation Officer Shallon Watson ("USPO Watson"). At the hearing, Martin admitted to all seven violations in the Petition, and the Magistrate Judge found her in violation (Filing No. 80 ¶¶ 2, 5).

At the hearing, USPO Watson testified that Martin committed violations 2 and 3 above when she failed to notify USPO Watson about her contact with law enforcement arising from the theft charges in March 2025. USPO Watson elaborated that she instructed Martin to report to Probation on a certain date, but Martin failed to do so. After Martin failed to report the first time, USPO Watson again instructed her to report to Probation. Martin did so the second time. Martin testified at the revocation hearing that she had attempted suicide on April 3, 2025, for which she was hospitalized, and was not released until April 7. The suicide attempt and subsequent hospitalization, Martin testified, explain why she did not report to Probation immediately following her March 30 arrest.

At the hearing, there was also testimony that Martin has not consistently paid her monthly restitution payments despite being lawfully employed and receiving income through April 3, 2025. Martin's fifth violation was for failure to maintain lawful employment, which resulted from her

being fired after not returning from her lunch break on April 3, 2025. USPO Watson testified, however, that from December 13, 2023, to April 3, 2025, Martin had always been lawfully employed. Though Martin's employment changed a few times, according to USPO Watson, she was always quick to find new employment.

Martin also violated her terms of supervised release when she opened two prepaid credit cards in December 2024 and March 2025. Martin testified she did not believe opening the credit cards was in violation of her terms because the money on the cards already belonged to her and she just prepaid the credit limit, and she opened the credit lines because she needed to better her credit score. Regardless, Martin conceded that she was aware she could not open new lines of credit without first seeking Probation's approval, yet she did so twice.

The Government requested that the Magistrate Judge recommend a term of imprisonment between eighteen to twenty-four months, as a sanction for Martin's violations. *Id.* ¶ 5. Martin's counsel argued that Martin should continue under the current terms of her supervised release so that she could continue her current mental health treatment. *Id.* Alternatively, counsel requested that the Magistrate Judge recommend home incarceration rather than imprisonment. As required, the Magistrate Judge issued a Report and Recommendation on May 8, 2025, which recommended "that [Martin's] supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or his designee for a period of 18 months, with no supervised release to follow." *Id.* Thereafter, Martin filed her timely objection which is before the Court.

### III. DISCUSSION

Martin raises three objections to the Magistrate Judge's Report and Recommendations (Filing No. 81 at 3-4). First, she argues the Magistrate Judge's recommended sentence fails to adequately consider the purpose of rehabilitation under 18 U.S.C. § 3553(a) and (a)(2)(d). Second,

4

Martin argues the recommendation does not adequately consider "non-incarcerative" alternatives (Filing No. 81 at 3). And finally, she argues the 18-month sentence is greater than necessary to achieve the goals of sentencing (Filing No. 81 at 3). The Court addresses each objection in turn.

A.     **Objection (1)**

The Court **overrules** objection (1). Martin argues that the Magistrate Judge's Report and Recommendation does not give sufficient weight to Martin's participation in treatment, her willingness to continue structured supervision, and the progress she has shown despite setbacks. *Id.* However, the Magistrate Judge acknowledged that Martin has been undergoing treatment and counseling for her mental health issues and noted that Martin was in the same position now as she was in December 2023. The Magistrate Judge doubted that Martin was taking full advantage of her mental health counseling and was skeptical that Martin was divulging her mental health issues to her treatment counselors. For example, the Magistrate Judge questioned why Martin was not on medication for her OCD and bipolar disorders, noting that if Martin was being fully transparent with her counselors, she likely would have been on medication for these mental health issues.

The Magistrate Judge was doubtful as to Martin's willingness to continue with structured supervision because she was previously given a warning and allowed to stay on supervised release, a reprieve the Magistrate Judge noted he does not grant very often. Martin has had six notices of noncompliance (including the instant violations) since October 2020 (Filing No. 69-2 at 1). These six notices have resulted in two petitions for summons or arrest and two revocation hearings.

Based on this Court's *de novo* review, the Magistrate Judge clearly gave due consideration to § 3553(a) and properly considered Martin's ongoing participation in treatment and her willingness to comply with her supervision.

B.      **Objection (2)**

The Court **overrules** objection (2). Martin argues the Magistrate Judge's Report and Recommendation does not reflect "meaningful engagement" with lesser sanctions the Court could have imposed (*e.g.*, continued supervision or home incarceration). However, the Magistrate Judge's recommendation is the consequence of the warning which was given to Martin for her December 2023 violations. In December 2023, an arrest warrant was issued because of Martin's violations of her supervised release (Filing No. 55). A hearing was held, and the Magistrate Judge imposed lenient consequences for this first set of violations, allowing Martin to continue with supervised release (Filing No. 62 ¶ 9). The Magistrate Judge clearly considered, and used, "non-incarcerative" alternatives. At the May 8, 2025, hearing for Martin's current violations, the Magistrate Judge noted that Martin was given multiple warnings after prior sets of violations.

Martin's counsel argues that a "non-incarcerative" sentence is more appropriate given Martin's medical and mental health needs "and her willingness to comply going forward." (Filing No. 81 at 4). Martin cites her willingness to comply in the future, but this argument is belied by Martin's violation of her terms of supervised release after December 2023. This is the sixth notice of noncompliance submitted to the Court since Ms. Martin began supervision on October 2, 2020. Previous violations reported Ms. Martin's continued amphetamine/methamphetamine use, failure to comply with substance abuse and mental health treatment, failure to obtain and maintain employment and to keep her probation officer advised of any changes, and Ms. Martin's failure to pay restitution. On each prior occasion, Martin was counseled, warned and then continued on supervision.

Numerous supervision efforts have been made by both the probation officer and the Court to help Ms. Martin regain and maintain compliance with supervision. Ms. Martin has consistently

6

failed to take her conditions of supervision seriously, clearly lacks motivation to change her behavior, participate fully in treatment, and demonstrates no desire to be compliant while on supervised release. The Court has an obligation to impose a sentence that affords "adequate deterrence to criminal conduct" and "protect the public" from further criminal activity. *See* 18 U.S.C. § 3553(a). Allowing Martin to once again continue with her supervised release after again violating her terms of supervision would not sufficiently deter Martin from future violations or protect the public—including Ms. Martin's mother. For these reasons, the Court **overrules** Martin's objection (2).

C.      **Objection (3)**

The Court **sustains in part and overrules in part** objection (3). Martin's counsel argues that a term of imprisonment of eighteen months is overly punitive because it does not adequately take into consideration Martin's struggles with mental health issues, substance abuse, and economic instability (Filing No. 81 at 4). Counsel points to the non-violent and isolated nature of her current violations (*Id.* at 2). On the other hand, the Government points out that this is Martin's second revocation hearing for violating conditions of her supervised release (Filing No. 83 at 5-6). A second lenient sentence, the Government argues, would render the Magistrate Judge's December 2023 warning and leniency meaningless (Filing No. 83 at 7).

The Court agrees with the Magistrate Judge that a term of imprisonment is warranted, however, given the totality of the circumstances surrounding Martin's latest violations, her mental health issues, and considering that she has been under supervision for approximately 56 months, an eighteen-month sentence of imprisonment is greater than necessary to comply with 18 U.S.C. § 3553(a)(2). The Court acknowledges Martin's treatment progress and will recommend to the Bureau of Prisons that she be placed in a facility that will allow her to continue treatment for both

her mental health and any medical health needs. The Court determines that a sentence of **fourteen (14) months** is sufficient but not greater than necessary under these circumstances.

## IV. CONCLUSION

In issuing his Report and Recommendations, the Magistrate Judge explicitly stated that he considered the factors set forth in §3553(a) and § 3583(c), which were more fully set forth on the record, and found that Martin violated conditions one through seven of the Petition, and he recommended that Martin be sentenced to a term of imprisonment of eighteen months with no supervised release to follow. The Magistrate Judge's recommendation of a term of imprisonment is legally sound and without error, and the Court agrees with the Magistrate Judge's analysis and conclusion. However, this Court will **modify** the Martin's length of imprisonment.

Upon *de novo* review of the evidence, the Court finds that a term of imprisonment of **fourteen (14) months is sufficient, but not greater than necessary**. Accordingly, Martin's Objections to the Magistrate Judge's Report and Recommendations are **overruled in part and sustained in part**. (Filing No. 81), Objections (1) and (2) are both **overruled**. Objection (3) is **overruled in part and sustained in part**. The Magistrate Judge's Report and Recommendations (Filing No. 80) is **adopted**, **with modification** that the length of incarceration will be **fourteen (14) months,** with no supervision to follow.

The U.S. Probation Officer is directed to prepare a judgment.

**SO, ORDERED**.

Date:  7/9/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

James Adrian Earhart
attyearhart@aol.com

Todd Stanton Shellenbarger
UNITED STATES ATTORNEY'S OFFICE - EV
Todd.Shellenbarger@usdoj.gov


Electronic Notice to USPO